UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| DARLENE M. BRUNETT, <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL CREDIT ADJUSTERS, LLC, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 2:17-cv-01747 <br><br> DEMAND FOR JURY TRIAL |

# COMPLAINT

**NOW COMES** Darlene M. Brunett ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining as to the conduct of National Credit Adjusters, LLC ("Defendant") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, and violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Wisconsin, and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Wisconsin.

1

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age who resides in Wisconsin and is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a debt collection agency who "specializes in delinquent account receivables for a variety of industries including retail and financial services."[1] Defendant is in the business of collecting or attempting to collect, directly or indirectly, defaulted consumer debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Wisconsin. Defendant operates and maintains its principal business at 327 West 4th Street, Hutchinson, Kansas.

## FACTS SUPPORTING CAUSES OF ACTION

6. In 2016, Plaintiff borrowed money from Great Plains Lending, LLC and CashNet USA ("subject debts") to help pay off unresolved bills.

7. Plaintiff was making timely payments on the subject debts until she became ill and could no longer afford paying the subject debts, resulting in default.

8. At some point thereafter, the subject debts were sold, transferred, or assigned to Defendant for collections.

9. In November 2017, Defendant began placing calls to Plaintiff's cellular telephone number (414) XXX-0648 attempting to collect the subject debts.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, possessor, and operator of the cellular telephone ending in 0648.

---

[1] http://www.ncaks.com/

2

Case 2:17-cv-01747-JPS   Filed 12/14/17   Page 2 of 9   Document 1

11. On November 8, 2017, Plaintiff answered a phone call to her cellular telephone from a representative of Defendant. Defendant repeatedly demanded Plaintiff to make a payment on the subject debts. Plaintiff responded by requesting that Defendant cease placing calls to her cellular phone.

12. Later the same day, Plaintiff answered another phone call to her cellular telephone from a representative of Defendant and *again* demanded Defendant to cease placing calls to her cellular phone as she did not have the present income to pay the subject debts.

13. Plaintiff answered no less than 3 calls from Defendant, and in each answered call, demanded that Defendant cease its calls to Plaintiff's cellular telephone.

14. Notwithstanding Plaintiff's numerous requests that Defendant's collection calls cease, Defendant placed or caused to be placed an average of 1 phone call per day between November 2017 through the present day, in an attempt to collect on the subject debts.

15. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

16. In total, Defendant placed or caused to be placed no less than 19 harassing phone calls to Plaintiff's cellular telephone from November 2017 through the present day, with calls taking place several times in one day, up to 2 times per day, on back to back days, and on the weekends.

17. In the calls that Plaintiff did answer, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's automated telephone system attempted to connect Plaintiff to a live agent.

18. Specifically, there would be an approximate 2 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

19. Moreover, Plaintiff also hears what sounds to be call center noise in the background of Defendant's calls.

20. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using a predictive dialing system, an automated telephone dialing system that is commonly used in the debt collection industry to collect defaulted debts.

21. The phone number that Defendant most often used to contact Plaintiff is (414) 939-8875, but upon information and belief, it may have used other phone numbers as well.

22. Upon information and belief, Defendant's phone number ending in 8875 is the number assigned to Defendant's collection department.

## DAMAGES

23. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

24. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

25. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

26. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

4

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

27. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

28. Defendant placed or caused to be placed non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without her prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

29. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

30. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used a predictive dialing system to place calls to Plaintiff's cellular telephone.

31. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

32. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

33. Upon information and belief, the predictive dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

34. Defendant violated the TCPA by placing no less than 19 harassing phone calls to Plaintiff's cellular telephone from November 2017 through the present day, using an ATDS without her prior consent.

35. Any prior consent, if any, was revoked by Plaintiff's numerous verbal revocations. Specifically, Plaintiff verbally revoked consent to be called on her cellular phone on at least three separate occasions.

36. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

37. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

38. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

39. Defendant, through its agents, representatives, vendors, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

40. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, DARLENE M. BRUNETT respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

   c. Enjoining Defendant from contacting Plaintiff; and

   d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

41. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

42. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

43. The subject debts are "debts" as defined by FDCPA §1692a(5) as they arise out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

44. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

45. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debts after it was in default. 15 U.S.C. §1692a(6).

46. Defendant used the phone to attempt to collect the subject debts and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

47. Defendant's communications to Plaintiff were made in connection with the collection of the subject debts.

48. Defendant violated 15 U.S.C. §§1692d, and d(5), through its unlawful debt collection practices.

7

### a. Violations of FDCPA § 1692d

49. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debts. Moreover, Defendant continued placing the relentless calls after Plaintiff demanded that the calls cease on no less than 3 separate occasions.

50. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debts with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed no less than 19 harassing phone calls to Plaintiff's cellular telephone in the span of less than one month, using an ATDS without her prior consent, with calls taking place several times in one day, on back to back days, and on weekends.

51. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls to the cellular phones of consumers.

52. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

53. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff DARLENE M. BRUNETT respectfully requests that this Honorable Court:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
   c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
   d. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: December 14, 2017                                  Respectfully Submitted,


/s/ Marwan R. Daher                                       /s/ Omar T. Sulaiman
Marwan R. Daher, Esq.                                     Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*                                   *Counsel for Plaintiff*
Sulaiman Law Group, Ltd.                                  Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200                     South Highland Avenue, Suite 200
Lombard, IL 60148                                         Lombard, IL 60148
Telephone: (630) 537-1770                                 Telephone: (630) 575-8141
mdaher@sulaimanlaw.com                                    osulaiman@sulaimanlaw.com