# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DARLENE M. BRUNETT,

        Plaintiff,

v.

NATIONAL CREDIT ADJUSTERS LLC,

        Defendant.

Case No. 17-CV-1747-JPS

**ORDER**

Plaintiff asserts claims against Defendant for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, in its attempts to collect certain debts from her. (Docket #1). On February 12, 2018, Plaintiff requested entry of default against Defendant. (Docket #11). The Clerk of Court entered default the next day. On February 23, 2018, Plaintiff moved for default judgment. (Docket #12). No response to the motion has been received, and the time in which to do so has expired. Civ. L. R. 7(b).

Because the Clerk of Court has entered default against Defendant, the Court must accept all well-pleaded facts relating to liability as true. *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995). However, that does not relieve Plaintiff of the responsibility to prove up her damages under Rule 55(b)(2) of the Federal Rules of Civil Procedure. Indeed, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are

not deemed true," and the Court must conduct an inquiry to ascertain the amount of damages with reasonable certainty. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (quoting *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004)). Judgment by default may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.* (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

Plaintiff claims the following items of damages:

1) Statutory damages pursuant to the FDCPA of $1,000.00 for Defendant's wrongful collection conduct, 15 U.S.C. § 1692k(a)(2)(A);

2) Statutory damages pursuant to the TCPA of $9,500.00, calculated at a rate of $500.00 per improper telephone call Defendant placed to Plaintiff, 47 U.S.C. § 227(b)(3)(B); and

3) Attorney's fees and costs pursuant to the FDCPA of $4,098.75, 15 U.S.C. § 1692k(a)(3).

*See* (Docket #12 at 2-3). These figures total $14,598.75.

Here, the claimed amounts are easily capable of ascertainment from the allegations of the Complaint, the statutory damages provisions of each statute, and the representations in Plaintiff's motion and attached evidentiary materials. This information demonstrates that Defendant's conduct violated both the FDCPA and the TCPA, and that Plaintiff is entitled to statutory damages under each statute. It further shows that

Plaintiff may recover at least the amounts she seeks.[1] Thus, the Court having determined "that defendant[] [is] liable to plaintiff as to each cause of action alleged in the complaint," by its entry of default, and that Plaintiff's claimed amounts for statutory damages and attorney's fees are reasonably certain and well-supported, the Court will now grant Plaintiff's requested default judgment and award her the requested amounts for those items. *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982). Plaintiff also seeks post-judgment interest, (Docket #12 at 3), which the Court will provide for in the judgment.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for default judgment (Docket #12) be and the same is hereby **GRANTED**; Defendant shall pay to Plaintiff the total sum of $14,598.75 together with post-judgment interest as provided by law; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of March, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

[1] While Plaintiff has suggested that the amounts stated are minimum figures, the Court will decline her implied suggestion to exceed those figures. It will not increase the amount of damages without a request for a sum certain.